UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jessica Brown,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Mike VanLuven, et al.,<br><br>　　　　　　Defendants | Case No.: 2:24-cv-00406-CDS-NJK<br><br>**Order Granting Plaintiff's Motion to Dismiss, Denying as Moot Application to Proceed in Forma Pauperis, and Declining to Adopt Magistrate Judge's Report and Recommendation as Moot**<br><br>[ECF Nos. 7, 8, 9] |

　　　　Plaintiff Jessica Brown seeks to voluntarily dismiss her claims against defendants Mike VanLuven and the Public Defender's Office.[1] In May 2024, Magistrate Judge Nancy Koppe ordered Brown to complete an application to proceed *in forma pauperis* or pay the $405 filing fee to initiate a civil action. ECF No. 6. Brown was cautioned that failure to comply before the June 17, 2024 deadline would result in a recommendation that the case be dismissed. *Id.* After finding that Brown had not complied with her order, Judge Koppe issued a recommendation to dismiss without prejudice. Report and Recommendation (R&R), ECF No. 7. Objections to the R&R were due by July 9, 2024. *Id.*; *see also* 28 U.S.C. § 636(b)(1). Instead of objections, Brown filed the instant motion to dismiss. ECF No. 9.[2]

**I.　Discussion**

　　　　Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order before a party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1). Case law concerning voluntary dismissals under 41(a)(1)(A) is clear that the entry of such a dismissal is

---

[1] Although the June 28, 2024 minute order advises Brown that letters to a judge will be disregarded (ECF No. 9), Brown's request to dismiss is on pleading paper. Brown is appearing pro se; consequently, the court liberally construes her document as a motion and considers it herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.).

[2] The court notes that Brown's motion to voluntarily dismiss this case is dated June 11, 2024, though it was not filed until June 28, 2024. ECF No. 9 at 2.

effective automatically and does not require judicial approval. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

In this case, neither VanLuven nor the Public Defender's Office filed an answer, motion for summary judgment, or have otherwise appeared. Brown moved for dismissal of all claims after Judge Koppe issued the R&R recommending that the case be dismissed without prejudice. ECF No. 7. I have not yet ruled on the R&R. Thus, Brown may technically obtain dismissal of those claims without a court order under Rule 41(a)(1).

## II.     Conclusion

Once a party files a voluntary dismissal **[ECF No. 9]**, no order of the court is necessary to effectuate dismissal. Therefore, it is ORDERED that Brown's application to proceed *in forma pauperis* **[ECF No. 8] is DENIED as moot**, and the magistrate judge's report and recommendation **[ECF No. 7] is DECLINED as moot**.

The Clerk of Court is kindly instructed to close this case.

Dated: June 28, 2024

_____
Cristina D. Silva
United States District Judge